| | |
|---|---|
| DAVID J. DIXON STP-18-02-0136, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>EMERSON, )<br> )<br>Respondent. ) | No. 1:18-cv-00912-JMS-MPB |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of David J. Dixon for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. STP-18-02-0136. For the reasons explained in this Order, Mr. Dixon's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On February 15, 2018, Sgt. R. Patton wrote a Conduct Report charging Mr. Dixon with B-220[1], unauthorized financial transaction. Dkt. 8-1. The Conduct Report states:

> On February 14, 2018 at approximately 3:15 P.M., I Sgt. Patton received information that Offender David Dixon IDOC#111218 was using the phone PIN assigned to Offender Larry Hazel IDOC# 250638. Upon reviewing the calls, Dixon calls a phone number on 1/12/2018 that is also on his own phone list. He states to a female, "Hi. Larry owes me money. I'ma have him put money on the phone, but if you wanna talk now, you'll prolyl have to do it." End of report.

*Id*. Sgt. Patton also prepared a report with a transcript of the conversation that indicated that the call was made from 317-732-5411 and lasted one minute. Dkt. 8-2. A reverse lookup report identified the number as being associated with Alexis Hines. Dkt. 8-3.

Mr. Dixon was notified of the charge on February 15, 2018, when he received the Screening Report. Dkt. 8-4. He pleaded not guilty to the charge, did not wish to have a lay advocate, and did not request any witnesses or any physical evidence. *Id.* He also waived his right to 24 hours' advance notice before the disciplinary hearing. *Id.* Mr. Dixon signed the Screening Report. *Id.*

The prison disciplinary hearing was held on February 15, 2018. According to the notes from the hearing, Mr. Dixon stated, "[t]he number is not on my phone list." Dkt. 8-5. Based on the staff reports, the hearing officer found Mr. Dixon guilty of B-220, unauthorized financial transaction. The sanctions imposed included one day of earned-credit-time deprivation and a credit class demotion from C to D. *Id.*

Mr. Dixon appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] The Conduct Report incorrectly lists the offense as code number 202, but the rest of the documents correctly identify B-220 as the offense.

C.  Analysis

Mr. Dixon's habeas petition challenges his prison disciplinary conviction on two grounds: (1) he was denied evidence and (2) he was denied a lay advocate. *See* dkt. 2. The respondent construes Mr. Dixon's habeas petition to also challenge the sufficiency of the evidence. Dkt. 8 at 5. The respondent argues that Mr. Dixon was not denied due process and there is "some evidence" to support his conviction. *Id.* at 5-10. Mr. Dixon has not filed a reply, and time to do so has passed.

1. **Denial of Evidence**

Mr. Dixon asserts his request for the phone list and camera footage, but that his request for evidence was denied. Dkt. 2 at 4. He alleges that "# 317-531-7201" is not on either his or Mr. Hazel's phone list. *Id.*

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

As an initial matter, Mr. Dixon did not request any physical evidence in this disciplinary matter. Mr. Dixon was given an opportunity to request evidence when he was screened on February 15, 2018, but he declined to request any evidence or call any witnesses. *See* dkt. 8-4.

The hearing report also reflects that he did not request any evidence during the hearing – his only statement only relates to the sufficiency of the evidence. *See* dkt. 8-5.

Even if prison officials unjustifiably deny a timely evidentiary request, federal habeas relief is available only if the denial resulted in prejudice (i.e., was not harmless). *Jones*, 637 F.3d at 847–48; *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015). Mr. Dixon fails to explain what the camera footage would have shown. Moreover, Mr. Dixon argues that the phone list was necessary evidence because the phone number "317-531-7201" is not either his or Mr. Hazel's phone list. However, Sgt. Patton noted that the conversation was from phone number "317-732-5411." Thus, the phone list would not have been exculpatory. Thus, Mr. Dixon was not prejudiced by any alleged denial. Accordingly, Mr. Dixon is not entitled to habeas relief on the ground of denial of evidence.

### 2.    **Lay Advocate**

Mr. Dixon alleges he was denied a lay advocate. Dkt. 2 at 4. However, he does not allege that he ever requested a lay advocate. The respondent argues that Mr. Dixon failed to exhaust his administrative remedies on this ground. Dkt. 8 at 5-6. While it appears the respondent is correct, the Court will nevertheless address the merits of his claim.

"[D]ue process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see also Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008).

As an initial matter, Mr. Dixon did not request a lay advocate in this disciplinary matter. Mr. Dixon was given an opportunity to do so when he was screened on February 15, 2018, but he

4

specifically declined to have a lay advocate. *See* dkt. 8-4. Moreover, Mr. Dixon does not argue that he is illiterate or that the issues in these cases were so complex as to require a lay advocate. Rather, he has fully briefed the issues on his own, demonstrating his literacy, and the charge in the disciplinary hearing was not complex – he had a phone conversation that discussed an unauthorized financial transaction. Accordingly, there is no due process violation and habeas relief is not available to Mr. Dixon on this ground.

### 3. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Adult Disciplinary Code Section B-220, is entitled "Engaging in Unauthorized Financial Transaction," and is defined as: "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Here, Sgt.

5

Patton recorded a phone conversation from Mr. Dixon using the phone PIN assigned to another inmate, Larry Hazel. Mr. Dixon states that Mr. Hazel owes him money, so he had Mr. Hazel "put money on the phone." Dkt. 8-1. This is "some evidence," under *Ellison*, that Mr. Dixon engaged in an unauthorized financial transaction.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Dixon to the relief he seeks. Accordingly, Mr. Dixon's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/26/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID J. DIXON
111218
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov